IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MORTEZ MCKENZIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-180 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

      On December 12, 2022, the United States Court of Appeals for the Eleventh Circuit received a motion for a certificate of appealability from Petitioner, an inmate at Valdosta State Prison, challenging a sentence for aggravated assault entered in state court pursuant to a 2013 guilty plea. (<u>See</u> doc. no. 1.) Pursuant to Rule 22(a) of the Federal Rules of Appellate Procedure, the Clerk of the Eleventh Circuit forwarded the filing to the Clerk of Court for the United States District Court for the Southern District of Georgia, where a new case was opened for Petitioner, and the filing was docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

      It is unclear whether Petitioner intended to file a habeas petition, let alone whether he intends to seek state habeas relief or federal habeas relief pursuant to 28 U.S.C. § 2254. Petitioner handwrote his six-page filing, styled as a motion for a certificate of appealability, without using any standard forms. He addressed the filing to the Eleventh Circuit in his certificate of service, though the Court can find no record of any prior petitions or other civil

actions filed by Petitioner in federal court. He captioned the filing "In the Superior Court of Lowndes County," listing the state court case number of the conviction and sentence being challenged, 2012-CR-075. If Petitioner is seeking federal habeas relief pursuant to § 2254, he must refile his petition on the standard form used by incarcerated litigants in the Southern District of Georgia.

The Court must inform Petitioner any future § 2254 petition will be subject to restrictions on "second or successive" filings, see 28 U.S.C. § 2244(b)(3)(A), and this case, should he choose to proceed with a federal habeas corpus petition, is his opportunity to raise all federal habeas claims he now believes he has. See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also In re Jones, No. 14-11256-A, slip op. at 3-4 (11th Cir. Apr. 9, 2014) (applying Castro principles to § 2254 petition). Moreover, any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the one-year statute of limitations and the requirement for exhausting the remedies available to Petitioner by any state court procedure. See 28 U.S.C. §§ 2244(d)(1) and 2254(b)(1)&(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.")

Therefore, if Petitioner intends to pursue federal habeas relief pursuant to § 2254, Petitioner **MUST FILE** an amended petition for habeas corpus relief within fourteen days of this Order. The Court **DIRECTS** the **CLERK** to include a 28 U.S.C. § 2254 habeas corpus form petition stamped with this case number with Petitioner's service copy of this Order.

If Petitioner intends to proceed with a federal habeas corpus action, he must (1) use the federal habeas corpus form petition provided by the Clerk of Court with this Order, (2) specify each ground on which he seeks relief on his state conviction or sentence and the facts that support each ground, and (3) and identify the Court which issued the conviction and sentence he seeks to challenge. The Court advises Petitioner his amended petition will supersede and replace the pleading he originally submitted to the Eleventh Circuit.

If Petitioner does not intend to proceed with a federal habeas corpus action, he should notify the Court of his intent to withdraw the present petition and afterward pursue whatever action he deems appropriate to seek relief in state court.  If Petitioner fails to respond within fourteen days in accordance with the terms of this Order—either with an amended petition or with a notice of intent to withdraw the pending petition—the Court will presume he wishes to dismiss the above-captioned petition and will recommend that this case be dismissed without prejudice.

SO ORDERED this 20th day of December, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA