IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MORTEZ MCKENZIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-180 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On December 12, 2022, the Eleventh Circuit received a hand-written motion for a certificate of appealability from Petitioner, an inmate at Valdosta State Prison, challenging a sentence for aggravated assault entered in Georgia state court pursuant to a 2013 guilty plea. (See doc. no. 1.)  Pursuant to Rule 22(a) of the Federal Rules of Appellate Procedure, the Eleventh Circuit forwarded the filing to this District, where the Clerk of Court docketed the motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Because it was unclear whether Petitioner intended to file a habeas petition with this Court, and whether he intended to seek state or federal habeas relief, the Court ordered Petitioner to refile his petition on the standard § 2254 form used by incarcerated litigants if his intention was to file a federal habeas petition.  (Doc. no. 3.)  The Court explained that, if Petitioner failed to submit an amended habeas petition, the Court would presume he wished to dismiss the petition and would recommend dismissal without prejudice.  (Id.)  The time to respond to the Court's order has passed, and Petitioner has not submitted an amended petition.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Petitioner's failure to submit an amended petition constitutes non-compliance with the Court's order and amounts to a failure to prosecute.  Further, because of Petitioner's failure to submit an amended petition, the Court is left with a stagnant case that Petitioner himself may not have intended to file.  The Court cannot even discern whether Petitioner intended to seek federal habeas relief, and whether the Court should review his motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Out of this concern, the Court cautioned Petitioner that failure to submit an amended complaint would result in a recommendation for dismissal. Because Petitioner has not paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  Dismissal for failure to comply with the Court's prior

2

order is appropriate.

Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA